UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Earl Walton, | Civ. No. 22-1998 (JWB/TNL) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Jeffrey Fikes, | |
| Defendant. | |

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Tony N. Leung dated August 10, 2023. (Doc. No. 20.) Petitioner has filed an objection to the recommendation that this Court deny his petition without prejudice. (Doc. No. 21.)

The Court reviews the portions of the R&R to which Petitioner objects *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment

("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Petitioner is *pro se*, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Petitioner argues primarily that the First Step Act's plain language does not disqualify prisoners who are serving aggregate sentences from earning time credits for participating in pro-social activities. However, the FSA's plain language directing the Federal Bureau of Prisons to treat multiple terms of imprisonment "for administrate purposes as a single, aggregate term of imprisonment. 18 U.S.C.A. § 3584 (c); *see also Sok v. Eischen*, No. 22-CV-458 (ECT/LIB), 2022 WL 17156797, at *1 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, No. 22-CR-458 (ECT/LIB), 2022 WL 17128929 (D. Minn. Nov. 22, 2022), *aff'd*, No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023). Now that the Eighth Circuit has affirmed *Sok*, this Court is bound by its precedent. 2023 WL 5282709, at *1. The Court has reviewed Petitioner's objections to the August 10, 2023 R&R. Petitioner's objections do not identify any error of law or fact that warrant rejecting the recommendations in the R&R. And, after carefully reviewing all other portions of the R&R not specifically objected to, the Court finds that it is neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

**IT IS HEREBY ORDERED** that:

1.  Petitioner James Earl Walton's Objections to the August 10, 2023 R&R (Doc. No. 21) are **OVERRULED**;

    2.       The August 10, 2023 R&R (Doc. No. 20) is **ACCEPTED**;

    2.       Petitioner James Earl Walton's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED**; and

    3.       This case is **DISMISSED**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: September 26, 2023                   *s/ Jerry W. Blackwell*
                                                                JERRY W. BLACKWELL
                                                                United States District Judge